Mary P. BOOTY and Wilton Booty

v.

SHONEY'S, INC. and James Hartfield.

Civ. A. No. 94–3614.

United States District Court,
E.D. Louisiana.

Jan. 11, 1995.

Neil D. Sweeney, Baton Rouge, LA, for plaintiffs.

Michael M. Meunier, Stephen Charles Resor, Sullivan, Stolier & Daigle, New Orleans, LA, for defendant.

McNAMARA, District Judge.

Before the court is the Motion to Remand of Mary P. Booty and Wilton L. Booty, ("plaintiffs"). Shoney's, Inc. ("Shoney's") opposes the motion. This motion, which was set for hearing on January 4, 1995, is before the court on briefs, without oral argument.

## BACKGROUND

This litigation arises out of an alleged slip and fall in a Shoney's Restaurant which occurred on or about July 28, 1993. Suit was filed in the 22nd Judicial District Court, Parish of St. Tammany for the State of Louisiana on July 26, 1994, and was served on Shoney's on August 10, 1994. Answers to interrogatories, which were served on Shoney's on November 7, 1994, revealed that Mrs. Booty was seeking in excess of $50,000.[1] On November 10, 1994, Shoney's filed a Notice of Removal stating 28 U.S.C. § 1332 as the grounds for federal court jurisdiction over this matter.

The plaintiffs seek to remand this matter on several grounds, summarized as follows:

1) Mr. Booty's loss of consortium claim does not meet the $50,000 jurisdictional limit;

2) 28 U.S.C. § 1441 does not authorize removal of claims over which the court has supplemental jurisdiction;

3) Procedural deficiencies exist in the Notice of Removal for failure to allege all jurisdictional grounds, failure to allege satisfaction of the jurisdictional amount, failure to allege citizenship, and untimeliness;

4) Lack of subject matter jurisdiction due to lack of diversity between the parties.

The court will address each of these arguments in turn.

## LEGAL ANALYSIS

After a review of the pleadings, memoranda, exhibits and applicable laws, this court finds that Shoney's removal of this matter was proper and that plaintiffs' motion to remand should be denied.

## I. SATISFACTION OF JURISDICTIONAL AMOUNT IN CONTROVERSY REQUIREMENT

In their answers to the Interrogatories propounded by Shoney's, plaintiffs responded that Mrs. Booty's claim exceeded $50,000,

---

1. The Louisiana Code of Civil Procedure article 893 bars the pleading of any amount sought in damages in tort actions.

exclusive of injuries and costs, but that the claim of Mr. Booty did not exceed $50,000. Plaintiffs argue that because the derivative loss of consortium claim of Mr. Booty does not, on its own, meet the jurisdictional requirement of $50,000, that the entire matter should be remanded to state court.

This argument raises an issue which has yet to be determined by any appellate court: Does the supplemental jurisdiction statute, 28 U.S.C. § 1367, legislatively overrule the *Zahn v. International Paper Co.*[2] holding that each plaintiff's claim must meet the jurisdictional amount in controversy, particularly in a *non-class action* context?

In *Zahn*, the Supreme Court specifically held that "[e]ach plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case." *Zahn*, 414 U.S. at 301, 94 S.Ct. at 512.

In 1990, the legislature adopted 28 U.S.C. § 1367 which reads as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. § 1367(a). The only exceptions to that provision are contained in subsection (b), none of which are applicable in the instant matter.

On its face, the statute appears to provide the jurisdictional basis for closely related claims which do not themselves meet the jurisdictional requirement of § 1332. However, the jurisprudence relied on by plaintiffs held that the legislative history to § 1367, which states that "[t]he section is not intend-

ed to affect the jurisdictional requirements of 28 U.S.C. § 1332 in diversity-only class actions, as those requirements were interpreted prior to *Finley*.[3]",[4] requires a finding that § 1367 does not legislatively overrule *Zahn*. *See Griffin v. Dana Point Condominium Ass'n*, 768 F.Supp. 1299, 1302 & n. 4 (N.D.Ill. 1991). Accordingly, plaintiff argues that both Mary Booty's primary claim and Wilty Booty's derivative loss of consortium claim must be dismissed if the derivative claim does not on its own satisfy the $50,000 jurisdictional requirement.

Most of the cases faced with the issue of the vitality of *Zahn* after the enactment of § 1367 have addressed it in the context of diversity-based class action suits because that is the specific factual context with which *Zahn* dealt, although it has generally been read more broadly to include all multiple party actions. A few district courts have addressed the issue in a non-class action context and have decided it under various theories.[5]

■ This court finds that in a non-class action context, if the requirements of § 1367(a) are met and the exceptions found in § 1367(b) do not apply, then the district court does have jurisdiction over the supplemental claim even though the jurisdictional amount is not met.

■ In the context of this litigation, Mr. Booty's loss of consortium claim is derivative of and closely related to his wife's claim. Therefore, the court has supplemental jurisdiction over his claim even though it does not meet the $50,000 requirement. This conclusion is mandated by the clear language of the statute. The wording is unambiguous and, thus, it is unnecessary to try to divine some significance from the quoted legislative history's reference to diversity based class ac-

---

2. 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

3. In *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the Court held that no pendent party jurisdiction could be asserted unless congress clearly provided for it.

This holding prompted the enactment of § 1367 by Congress.

4. H.Rep. No. 734, 101st Congr., 2d Sess. 29, reprinted in 1990 U.S.C.C.A.N. 6802, 6860, 6875.

5. For a full discussion of the district court holdings on this issue, see *Lindsay v. Kvortek*, 865

tions.[6]

## II. AUTHORITY FOR REMOVAL OF CLAIMS OVER WHICH THE COURT HAS SUPPLEMENTAL JURISDICTION

Plaintiffs' second argument is that even if the court has supplemental jurisdiction over Mr. Booty's claim, that the federal rules do not provide for removal of such claims.

This argument is based on an erroneous interpretation of 28 U.S.C. § 1441(a) which governs the removal of diversity claims and provides in pertinent part as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have **original jurisdiction,** may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

Plaintiffs' counsel argues that because the court only has "supplemental jurisdiction" over Mr. Booty's claim, and not "original jurisdiction," that there is no authority for removal of the entire matter.

■ This court finds that § 1441(a) authorizes removal of all diversity claims which could have originally been filed in federal court. *See Thomas v. Shelton,* 740 F.2d 478, 483 (7th Cir.1984); *Grynberg Production Corp. v. British Gas, P.L.C.,* 817 F.Supp. 1338, 1346 (E.D.Tex.1993). The Fifth Circuit has held that Federal Rule of Civil Procedure 2 "unequivocally establishes that a third-party claim is not a separate 'action' that comprises part of a larger 'case'; rather, it is a claim that becomes part and parcel of an existing action." *Nolan v. Boeing Co.,* 919 F.2d 1058, 1066 (5th Cir.1990) (emphasis added). Likewise, this court finds that the term "civil action" as used in § 1441(a) is broad enough to encompass derivative claims over which the court has supplemental jurisdiction which become "part and parcel" of

the primary civil action. In other words, any additional "claims" over which the court has supplemental jurisdiction, become part of the original "civil action."

■ Because these claims could have been filed originally in this court under § 1332 and § 1367(a), constituting a single "civil action" within the meaning of the Federal Rules of Civil Procedure, this court finds that § 1441(a) provides authority for removal of the entire matter.

## III. PROCEDURAL SUFFICIENCY OF NOTICE OF REMOVAL

■ 38 U.S.C. § 1446(a) requires that the notice of removal set forth a "short plain statement of the grounds for removal." If the basis of jurisdiction is diversity of citizenship, the citizenship of the parties must be set forth, as well as an allegation that the jurisdictional amount has been satisfied.

Furthermore, the notice of removal must be filed within 30 days after receipt by defendant of a copy of the initial pleading. However, if the case stated by the initial pleading is not removable, a notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ..." 28 U.S.C. § 1446(b).

Plaintiffs contend that Shoney's notice of removal is deficient because it fails to allege all jurisdictional grounds, it fails to allege satisfaction of the jurisdictional amount, it fails to allege citizenship, and it is untimely.

In its notice of removal, Shoney's alleged in paragraphs IV and XI that the plaintiffs' claims exceeded $50,000. This is sufficient.

■ In paragraph XII, Shoney's alleged that the plaintiffs are citizens of the State of Louisiana and that Shoney's is a foreign corporation "domiciled in the State of Tennessee

F.Supp. 264, 273–76 (W.D.Penn.1994).

**6.** The Supreme Court has held that in dealing with statutory construction issues, "the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue, judicial inquiry, in all but the most extraordinary circumstances, is finished." *Estate of Cowart v. Nicklos Drilling Co.,* —— U.S. ——, ——, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992).

and having its principal place of business in Nashville, Tennessee." This allegation is deficient because it fails to set forth the state in which Shoney's was incorporated. Shoney's has submitted an affidavit that it was also incorporated in the State of Tennessee and has requested leave of court to amend its Notice of Removal. Amendments to defective allegations of jurisdiction are permitted. 28 U.S.C. § 1653. Accordingly, the court orders that Shoney's amend its notice of removal to set forth the state of its incorporation.

▮ Plaintiffs argue that the notice is insufficient because it fails to state the jurisdictional grounds on which it is based. In Paragraph XI, Shoney's alleged that this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Its failure to allege that the court has supplemental jurisdiction over Mr. Booty's claim is not fatal and can be cured through amendment. Where jurisdiction is apparent from the face of the notice of removal, although imperfectly pleaded, defendant may amend its notice in order to state basis for jurisdiction, even if the thirty day period for removal has expired. *See Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487 (E.D.La.1990). This court finds that supplemental jurisdiction over a derivative claim such as loss of consortium is not an entirely new jurisdictional basis and that Shoney's is allowed to amend its notice of removal to add § 1367 as a jurisdictional basis.

▮ Plaintiffs' final objection to the sufficiency of the notice of removal involves its timeliness. They contend that because the notice was filed in excess of thirty days from service of Shoney's with the petition, that § 1446(b) bars removal. However, under Louisiana law, litigants are prohibited from pleading the amount sought as damages, and it is through discovery that such information becomes known. It was not until receipt of plaintiffs' interrogatory answers on November 7, 1994, that Shoney's became aware that plaintiffs' claims were removable. Conse-quently, in accordance with § 1446(b), the thirty day period began to run at that time, and the November 10, 1994 notice of removal was timely.

## IV. THE EXISTENCE OF SUBJECT MATTER JURISDICTION

§ 1332 provides the jurisdictional basis for this matter and it requires that there be complete diversity of citizenship. At the time of removal, James Hartfield was a named defendant. Although he is a Louisiana resident, Shoney's contends that his presence in this lawsuit does not defeat diversity jurisdiction because he has been fraudulently joined in this matter.

▮ In determining whether a party has been fraudulently joined to a lawsuit, the court must decide whether plaintiffs have any possibility of establishing a valid cause of action against the defendant in question. *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187 (5th Cir.1989). In determining whether a valid cause of action exists, the court can look beyond the pleadings to ascertain whether there exists a basis for imposing liability against a resident defendant. *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

▮ In their petition, the plaintiffs allege that James Hartfield, the Shoney's manager, knew of the hazardous condition presented by the allegedly slippery floor and failed to remedy the situation or warn customers of it. In support of this allegation, the plaintiffs each submitted sworn affidavits attesting to the fact that after Mrs. Booty fell, they both spoke to Hartfield who acknowledged that he knew about the problem with the floor and that he had asked Shoney's to authorize installation of carpet in that area because of the slippery condition of the floor.[7] Hartfield submitted an affidavit denying such knowledge or that he made any of such statements.

---

7. In its opposition memoranda, Shoney's challenged the statement allegedly made by Hartfield which is contained in plaintiffs' affidavits as hearsay and pure fabrication. However, the statement constitutes an admission by a party opponent which is not hearsay under the Federal Rules of Evidence. *See* Fed.R.Evid. 801(d)(2).

Even accepting the facts as set forth in plaintiffs' affidavits to be true, this court finds that they fail to establish grounds for a valid cause of action against Hartfield.

In *Canter v. Koehring Company*, 283 So.2d 716, 721 (La.1973), the Louisiana Supreme Court set forth the following guidelines for imposing personal liability on an employee:

(1) The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;

(2) This duty is delegated by the employer to the employee;

(3) The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault);

(4) With regard to personal fault, personal liability cannot be imposed upon an employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate ..., he is not personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

283 So.2d at 721.

In summary, if Mr. Hartfield delegated with due care his general responsibility of maintaining a safe restaurant, then he is not personally liable unless he knew or should have known of the non-performance or malperformance of that responsibility.

In their petition, plaintiffs allege that the floor was wet and slippery due to moisture caused by the air conditioning system in the restaurant. In his affidavit, Hartfield attested that in accordance with Shoney's policies, he had delegated the duty to clean and maintain the floors in a safe manner to the waitresses and to the busboys. *See* Hartfield Affidavit, attached as Exhibit "A" to Sho-

ney's opposition memorandum. Furthermore, Hartfield stated that he was unaware that at the time Mrs. Booty allegedly fell that the employees were not adequately performing the job of maintaining and cleaning the floor. *Id.*

Even accepting the plaintiffs' affidavits as true, knowledge of a general slippery condition of the floor would not give rise to personal liability on the part of Hartfield. To avoid liability, it is sufficient if he delegates responsibility for clean-up to other employees. There is no evidence or allegation that Hartfield knew at the time the accident occurred that the employees had failed to do their job. Furthermore, assuming the plaintiffs' affidavits to be true, Hartfield fulfilled his duty by notifying Shoney's of the condition and suggesting the installation of carpet. Any delay in carrying out that recommendation would not give rise to personal liability on the part of Hartfield.

Other courts have reached the same conclusion in similar factual contexts. For example, in *Kinal v. Holiday Inns, Inc.*, 1993 WL 17653 (E.D.La.1993), Judge Duplantier held that allegations in the nature of a claim for a construction or design defect coupled with allegations of a breach of a duty to warn, if proven, could constitute only a breach of general administrative duties.

Consequently, the court finds that the plaintiffs have no cause of action against Hartfield, and that therefore he was fraudulently joined to this matter and his presence in this lawsuit does not destroy the diversity of citizenship of the parties.

Accordingly,

IT IS ORDERED that plaintiffs' Motion to Remand this matter be and is hereby DENIED;

IT IS FURTHER ORDERED that Shoney's has until *Monday, January 23, 1995* to amend it Notice of Removal and correct the procedural deficiencies contained therein as noted on page 7 and 8 herein.