**MARATHON PIPE LINE CO. et al.**

v.

**LaROCHE INDUSTRIES INC. et al.**

**Civil Action No. 96–2187.**

United States District Court,
E.D. Louisiana.

Nov. 7, 1996.

David Louis Carrigee, Andrew C. Wilson, Burke & Mayer, New Orleans, LA, for plaintiffs.

Robert M. Contois, Jr., Judith V. Windhorst, Jones, Walker, Waechter, Poitevant, Carrere & Denegre, New Orleans, LA, for defendant.

## ORDER AND REASONS

CLEMENT, District Judge.

Before the Court is defendant LaRoche Industries, Inc.'s ("LaRoche") motion to dismiss. For the reasons set forth below, defendant's motion is DENIED.

### BACKGROUND

In May 1996, a pipeline owned by Marathon Pipe Line Company ("MPLC") ruptured in rural St. James Parish resulting in the release of some 475,000 gallons of gasoline owned by Marathon Oil Company ("MOC"). Prior to the rupture, defendant and its contractors conducted excavating activities on LaRoche's brine pipeline that ran adjacent and parallel to MPLC's pipeline. Plaintiffs allege that these excavation activities were the sole cause of the rupture of MPLC's pipeline.

On June 27, 1996, plaintiffs filed suit alleging federal question jurisdiction based on the Oil Pollution Act ("the OPA"), 33 U.S.C. §§ 2701–61, and the Declaratory Judgment Act, 28 U.S.C. § 2201. In Count I of the complaint, pursuant to the Declaratory Judgment Act and 33 U.S.C. § 2702(d)(1)(A) of the OPA, Marathon[1] seeks a declaratory judgment that LaRoche "be treated as the 'responsible party' for all relevant purposes" under the OPA. See ¶ XXII. Also in Count I, MPLC seeks a declaratory judgment that it is subrogated to the rights of any claimants whose claims it has paid under the OPA. *Id.* In Count II, Marathon seeks contribution from LaRoche pursuant to the OPA in the event that plaintiffs cannot establish that LaRoche was the sole cause of the rupture. Counts III and IV set forth claims for damages based on state law.

LaRoche argues that plaintiffs failed to comply with the jurisdictional requirement of 33 U.S.C. § 2713 which mandates the presentation of "all claims" to the "responsible party" before filing suit on that claim. Accordingly, LaRoche moves for dismissal of plaintiffs' suit based on lack of subject matter jurisdiction.

### ANALYSIS

*Is Section 2713 of the OPA Jurisdictional?*

■ LaRoche bases its motion to dismiss for lack of subject matter jurisdiction on the OPA's presentation requirement which provides:

(a) Except as provided in subsection (b) [Presentation to Fund] of this section, all claims for removal costs and damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title.

33 U.S.C. § 2713. LaRoche argues that the presentation requirement of § 2713 is jurisdictional and that the failure to comply with that section results in a lack of subject matter jurisdiction. The Court agrees that § 2713's presentation requirement is jurisdictional and mandates dismissal when that provision is applicable and not complied with by the claimant. *See Boca Ciega Hotel v. Bouchard Transp. Co.,* 51 F.3d 235, 240 (11th Cir.1995) (section 2713(a) creates a mandatory condition precedent); *Johnson v. Colonial Pipeline Company,* 830 F.Supp. 309, 311 (E.D.Va.1993) (dismissing claims because of plaintiff's/claimant's failure to first present claims to responsible party).

*Does Section 2713 Apply to Plaintiffs' Claims?*

■ Having determined that § 2713's presentation requirement is jurisdictional, the question becomes: Does the presentation requirement of § 2713 apply to claims by a

---

1. Plaintiffs' complaint uses "Marathon" to designate MPLC and MOC, collectively.

"responsible party" (MPLC) against an allegedly sole cause third party (LaRoche)? As explained below, the Court finds that it does not.

By its own terms, § 2713 of the OPA does not address claims *by* a responsible party, but instead imposes a presentation requirement on all claims *against* a responsible party or guarantor of the source of the discharge. 33 U.S.C. § 2713. The parties do not dispute that MPLC is the statutory "responsible party" pursuant to 33 U.S.C. § 2701(32)(E)[2] or that the Coast Guard has not designated a source pursuant to 33 U.S.C. § 2714 which would make LaRoche a "responsible party." Instead, LaRoche argues that the holdings in *Boca* and *Johnson* support its view that the presentation requirement of § 2713 applies to all claims, even those claims not specifically addressed by the language of § 2713, i.e. claims by the responsible party itself. The Court disagrees.

Both *Boca* and *Johnson* involved claims by a third party against the responsible party— the exact situation addressed by § 2713(a). LaRoche's reliance on the "all claims" language of *Boca* is misplaced. In *Boca*, the Eleventh Circuit found that both claims against the Fund and claims against the responsible party must first be presented in accordance with § 2713 or be dismissed. *Boca*, 51 F.3rd at 238. Plaintiffs in that case had argued that § 2713's presentation requirement only applied to claims against the Fund and not to claims against a responsible party. The Eleventh Circuit rejected this argument and held that "all claims" must first be presented before filing suit. In its proper context, the "all claims" language in *Boca* meant both claims against the Fund and claims against the responsible party. To the extent that LaRoche is correct in arguing that the "all claims" language in *Boca* stands for the broader proposition that § 2713 encompasses claims by a responsible party against a third party, an issue not then before the *Boca* court, the Court disagrees and declines to follow such a holding.

The other provisions of the OPA support the finding that Congress did not intend for the presentation requirement of § 2713 to apply to claims by a responsible party against an alleged sole cause third party.[3] Congress specifically addressed the liability of a third party in § 2702(d)(1) which provides:

(A) Except as provided in subparagraph (B), in any case in which a responsible party establishes that a discharge or threat of a discharge and the resulting removal costs and damages were caused solely by an act or omission of one or more third parties described in section 2703(a)(3) of this title ..., the third party or parties shall be treated as the responsible party or parties *for purposes of determining liability under this subchapter*.

(B) If the responsible party alleges that the discharge or threat of a discharge was caused solely by an act or omission of a third party, the responsible party—

(i) in accordance with section 2713 of this title, shall pay removal and damages to any claimant; and

(ii) shall be entitled by subrogation to all rights of the United States Government and the claimant to recover removal costs or damages from the third party or the Fund paid under this subsection.

33 U.S.C. § 2702(d)(1)(A), (B) (emphasis added). Congress specifically limited the treatment of a sole cause third party as a responsible party to the determination of liability. Congress could have adopted a more expansive treatment of a sole cause third party as the responsible party in § 2702(d)(1)(A) by using such language as "for all purposes under this subchapter," but did not do so. Moreover, Congress could have cross-referenced the treatment of a sole cause third party as a responsible party in § 2702(d)(1)(A) to the presentation requirement in § 2713, but did not do so. Throughout the OPA, Congress included cross-refer-

---

2. In the case of a pipeline, "responsible party" means "any person owning or operating the pipeline."

3. The OPA's only presentation requirement on a responsible party applies to a responsible party's claims against the Fund, not against an alleged sole cause third party. *See* §§ 2708 and 2713.

ences between different provisions. *See e.g.* 33 U.S.C. §§ 2702(d)(1)(B)(i) (referencing § 2713), 2703 (referencing § 2702), 2708 (referencing § 2713), 2709 (referencing § 2717), and 2713 (referencing §§ 2714 and 2708). The Court can only conclude that where it did not include such a cross-reference in a particular provision, Congress did not intend for another provision to apply. Accordingly, absent such language, the Court will not read into the statute a presentation requirement that Congress did not include.

Nor do the statutory provisions of the OPA as a whole support LaRoche's contention that a responsible party must first present its claim against an alleged sole cause third party to that third party before filing suit. Subject to certain exceptions, the responsible party is strictly liable to "pay removal costs and damages to any claimant". 33 U.S.C. § 2702(a); *United States v. Conoco, Inc.,* 916 F.Supp. 581, 583 (E.D.La.1996) (Sear, C.J.) (responsible party strictly liable to pay for removal costs and damages from discharge of oil). These certain exceptions include where a third party is the sole cause of the incident. 33 U.S.C. § 2703(a)(3) (responsible party not liable if it establishes that discharge solely caused by act or omission of third party). Thus, when faced with claims by a third party, the responsible party can either *establish* that a third party was the sole cause and liable for any removal costs and damages pursuant to § 2702(d)(1)(A) or *allege* that a third party was the sole cause, pay the claims properly presented in accordance with § 2713 and be subrogated to the rights of those claimants paid pursuant to § 2702(d)(1)(B). *See also* 33 U.S.C. §§ 2715 (subrogation provision of OPA) and 2717 ("court shall enter a declaratory judgment on liability for removal costs and damages that will be binding on any subsequent action or actions to recover further removal costs and damages"). Should the responsible party not be able to establish that a third party was the sole cause of the discharge, the OPA provides for an action in contribution. 33 U.S.C. § 2709.

In its complaint, MPLC, as the statutory responsible party, seeks only to avail itself of these remedies provided for in the OPA. MPLC seeks a declaratory judgment that LaRoche was the sole cause third party who is liable for any future claims for removal costs or damages; that MPLC is subrogated to the rights of any claimants whose claims it has already paid; and in the event that MPLC cannot establish LaRoche as the sole cause of the discharge, MPLC seeks contribution in proportion to LaRoche's fault. As discussed above, the OPA authorizes each of these causes of action. To adopt LaRoche's interpretation of § 2713 would graft onto the OPA a requirement that would render some provisions of the OPA meaningless. For instance, how could a responsible party such as MPLC present to LaRoche future, yet unknown, claims for removal costs and damages before obtaining the declaratory judgment provided for in § 2717(f)(2) or availing itself of the options afforded by §§ 2702(d)(1)(A), 2703(a)(3) or 2715? The Court will not adopt an interpretation of § 2713 that would render other provisions of the OPA meaningless.

LaRoche's reliance on congressional intent is similarly unpersuasive. The OPA, like most other statutes, was the compromise of many different interests and objectives. *See Boca,* 51 F.3d at 238 (large complex statutes like OPA reflect many competing purposes and goals). These objectives included the increased liability of a responsible party tempered by Congress's goal to encourage settlement and to avoid litigation. *Id.* In interpreting § 2713 of the OPA, the Court will not single out one particular objective as the overriding concern of Congress and use that objective to create a broader presentation requirement than the one Congress specifically adopted in § 2713.

LaRoche also argues that plaintiffs' complaint transforms LaRoche into a responsible party because plaintiffs seek damages from LaRoche. The simple fact that MPLC seeks money from LaRoche does not transform LaRoche into a responsible party for the presentation requirement purposes under the OPA. Nor does ¶ XXII of the complaint, in which plaintiffs seek to have LaRoche "treated as the 'responsible party' for all relevant purposes" under the OPA, trigger the presentation requirement of § 2713. The relevant purpose of treating LaRoche as the responsible party pursuant to

§ 2702(d)(1)(A), the section referenced in ¶ XXII, is to determine liability, not for presentation purposes. Until such time that LaRoche becomes a responsible party, the presentation requirement of § 2713 is not applicable to MPLC's and MOC's claims against it.[4]

 Lastly, LaRoche argues that MOC is required to present its claims to LaRoche before filing suit against LaRoche. The OPA makes no such requirement. MOC, a third party, has filed suit against LaRoche, another third party. Section 2713 does not address this situation at all. As discussed above, any claims by MOC against MPLC, the responsible party, would have to be presented to MPLC before filing suit against MPLC. But in this suit, MOC seeks damages from LaRoche, not MPLC. Such claims against LaRoche, who is not a responsible party, do not invoke § 2713's presentation requirement. Having found that the presentation requirement does not apply to MPLC's claims against LaRoche and that those claims are properly before the Court, the Court exercises its supplemental jurisdiction over MOC's claims against LaRoche. 28 U.S.C. § 1367.

## CONCLUSION

Section 2713 of the OPA, by its own terms, does not require MPLC as the responsible party to present its claims to LaRoche, as the alleged sole cause third party, before filing suit against LaRoche. Nor do any of the other applicable provisions of the OPA incorporate the presentation requirement of § 2713. Moreover, the statutory structure and the general legislative history of the OPA do not support the contention that a responsible party must first present its claims to an alleged sole cause third party before availing itself of the remedies authorized by the OPA; such as a declaratory judgment as to third party liability, subrogation and contribution. Accordingly, the Court finds that it has jurisdiction over MPLC's claims against LaRoche and chooses

to exercise its supplemental jurisdiction over MOC's claims against LaRoche.

For the reasons set forth above,

IT IS ORDERED that LaRoche's motion to dismiss is DENIED.

---

**4.** At this time the Court need not decide whether LaRoche would become a responsible party, thereby triggering § 2713, should plaintiffs establish by a preponderance of the evidence that LaRoche was the sole cause of the discharge pursuant to § 2702(d)(1)(A).