**Clayton FREEMAN**

v.

**WITCO, CORPORATION, et al.**

**No. CIV. A. 97–1448.**

United States District Court,
E.D. Louisiana.

Sept. 17, 1997.

Leonard Joseph Cline, Leonard J. Cline, Metairie, LA, for Plaintiff.

Sherman Gene Fendler, Carol Welborn Reisman, Harold J. Flanagan, Liskow & Lewis, New Orleans, LA, for Defendants.

PORTEOUS, District Judge.

This cause came for hearing on a previous date on the motion of plaintiff, Clayton Freeman, to remand this case to the 29th Judicial District Court for the Parish of St. Charles. Oral argument was waived and the matter was taken under advisement on the briefs.

The Court having studied the legal memoranda submitted by parties is now fully advised in the premises and ready to rule.

### *REASONS*

### I. *BACKGROUND*

The Louisiana plaintiff, Clayton Freeman ("Freeman"), was employed by Gulf South Systems, Inc. doing vacuum work for its customers, including removal of mud. *See* Plaintiff's Exhibit "2." On December 28, 1996, Freeman was assigned to take the vacuum truck to the Witco facility in Taft, Louisiana to perform vacuum work for the defendant, Witco Corporation ("Witco"). *Id.*

Freeman filed suit against Witco in state court alleging personal injuries resulting from an alleged explosion at the Witco facility in Taft, Louisiana. Subsequently, Freeman amended his petition to include two Louisiana residents as defendants; David Canterbury ("Canterbury"), alleged Witco Plant Manager, and Ron Gros ("Gros"), alleged Witco Safety and Health Director.

On April 4, 1997, Witco propounded a Request for Admission to the plaintiff requesting that he admit that he would not seek damages nor would he execute on any judg-

ment or judgments rendered in his favor against any of the defendants in excess of $75,000, exclusive of interest and costs. *See* Witco Exhibit "C." The plaintiff denied the request claiming such a determination was "premature." *See* Witco Exhibit "D." Defendants then removed on the basis of diversity jurisdiction.

Witco argues the plaintiff fraudulently joined Canterbury and Gros as defendants in this lawsuit. Specifically, Witco claims that Freeman cannot recover against Canterbury or Gros under the principles espoused by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973).

Freeman filed this Motion to Remand alleging (1) Witco's filed its Notice of Removal more than 30 days after receipt by Witco of the initial pleading setting forth the claim for relief upon which the action is based and (2) there is no complete diversity. Freeman also requests costs, expenses and attorney's fees pursuant to 28 U.S.C. § 1447(c).

Witco filed a Memorandum in Opposition addressing plaintiffs claims and also requesting "sanctions be imposed against plaintiff's counsel in the form of recovery of costs in opposing the plaintiff's meritless Motion to Remand." *See* Witco's Memorandum in Opposition, p. 15.

## II. *DISCUSSION*

### A. *Timeliness of Removal*

Section 1446(b) sets forth the requirements for a timely removal. In pertinent part, § 1446(b) reads:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant of such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or other-

wise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is of has became removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more that one year after commencement of the action."

### 1. *Initial Pleading*

Freeman first contends that Witco's removal was not timely because it was filed more than thirty days after receipt by Witco of the initial pleading setting forth the claim for relief upon which the action is based.

In *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992), the plaintiff, Adam Chapman, sued Powermatic in state court alleging numerous causes of action. However, Chapman did not plead a specific amount of damages. Thereafter, Chapman answered an interrogatory stating that he had suffered damages in excess of $800,000. Powermatic then removed to federal court. Chapman moved to have the case remanded claiming that Powermatic did not timely remove the case.

In finding the removal timely, the Fifth Circuit said that "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading **only when** that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163. The Fifth Circuit adopted a "bright line" rule requiring the plaintiff to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading. *Id.*

In the present case, Freeman did not specifically plead his damages exceeded the federal jurisdictional amount of $75,000. *See* Plaintiff's Exhibit "2." Therefore, under *Chapman*, this court finds that the initial pleading was not removable pursuant to the first paragraph of § 1446(b), since it did not

reveal on its face that the amount in controversy was in excess of $75,000.

### 2. *Other Paper*

Freeman's second contention is that his response to Witco's Request for Admission was not "other paper" within the meaning of the second paragraph of § 1446(b) because such responses are not voluntary by the plaintiff.

On April 4th, 1997, Witco propounded the following Request for Admission to Freeman:

*"Request No. 1:*

Admit that you will not seek damages nor will you execute on any judgment or judgments rendered in your favor against any of the defendants in excess of $75,000, exclusive of interest and costs."

*See* Witco Exhibit "C." On April 15th, 1997, Freeman responded,

*"Request No. 1*

Denied. This request is premature. Mr. Clayton Freeman is continuing to work 'light duty.' We cannot within a reasonable legal and/or medical probability stipulate to this request at this time."

*See* Witco Exhibit "D." It is from this response, Witco claims it was able to ascertain that Freeman's claim was in excess if $75,000, thus triggering the time for removal pursuant to § 1446(b).

In *Chapman*, the Fifth Circuit found that medical bills and a demand letter were "other paper," but because they were received prior to the filing of the petition, the receipt by the defendant did not begin the running of the thirty-day time period. *Chapman*, 969 F.2d at 165. Furthermore, the Fifth Circuit found that the answer to the interrogatory which triggered the filing of removal was "other paper." *Id.* at 166.

■ The Fifth Circuit has not directly addressed whether a response to a request for admission qualifies as "other paper." However, in *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390 (N.D.Tx.1993). Judge Mahon found that plaintiff's answers to defendant's second set of Request for admissions qualified as "other paper" under § 1446(b). *See also, Corley v. Southwestern*

*Bell Telephone Co.*, 924 F.Supp. 782 (E.D.Tex.1996), where removal petition was timely when filed thirty days after plaintiff's response to request for admission; *Booty v. Shoney's*, 872 F.Supp. 1524 (E.D.La.1995), where it was not until receipt of plaintiffs' interrogatory answers that Shoney's became aware that plaintiffs' claims were removable. The Fifth Circuit also acknowledged that a transcript of deposition testimony is "other paper." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

Freeman cites *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967) in support of his argument that his alleged "involuntary" response to Witco's Request for Admission is not "other paper" within the meaning of § 1446(b). However, that case addressed the narrow issue of whether an action instituted in a state court against a nonresident defendant and a resident defendant, nonremovable to a federal court when commenced due to lack of diversity of citizenship, thereafter may be removed when the resident defendant is dismissed by means of a directed verdict. The Fifth Circuit said the issue of what kind of an order makes the case removable has been traditionally resolved by the voluntary-involuntary rule. *Weems*, 380 F.2d at 548. The Fifth Circuit implicitly has not utilized the rule as it applies to "other paper." *See Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

This court finds that Freeman's Responses to Witco's Request for Admission constitutes "other paper" under § 1446(b).

### 3. *Due Diligence*

■ Freeman's final contention is that Witco had a duty to investigate the amount in dispute so that it could file a timely notice of removal. However, the face of Freeman's petition does not affirmatively reveal that he is seeking damages in excess of the minimum jurisdictional amount. *See Chapman*, 969 F.2d at 163. In *Chapman*, the Fifth Circuit reasoned that to impose a duty upon the defendant to exercise due diligence in determining the amount in controversy where the

initial pleading does not reveal such an amount, "would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence." *Id.*

This Court finds that Witco was not under a duty to exercise due diligence in determining the amount in controversy where the initial pleading did not reveal such an amount.

## B. *Amount in Controversy*

■ "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995), *quoting De Aguilar v. Boeing Co. ("De Aguilar I"),* 11 F.3d 55, 58 (5th Cir.1993).

■ In the present case, the plaintiff denied defendant's request for admission that he would not seek damages nor execute on any judgment or judgments rendered in his favor against any of the defendants in excess of $75,000, exclusive of interest and costs. *See* Witco Exhibit "D." Moreover, the plaintiff conceded his damages exceed $75,000 in his Memorandum in Support of Remand.[1]

Thus, this court finds that the amount in controversy exceeds $75,000.

## C. *Fraudulent Joinder*

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,*

663 F.2d 545, 549 (5th Cir.1981); *Ford, et al. v. Elsbury, et al.,* 32 F.3d 931, 935 (5th Cir.1994).

■ Where charges of fraudulent joinder are used to establish federal jurisdiction, the removing party has the burden of proving the claimed fraud. *Dodson v. Spiliada Maritime Corp., et al.,* 951 F.2d 40, 42 (5th Cir.1992). In order to establish that a plaintiff fraudulently joined an in-state defendant so as to preclude exercise by a federal court of diversity jurisdiction, the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiffs' pleadings of jurisdictional facts. *Dodson,* 951 F.2d at 42; *B., Inc.,* 663 F.2d at 549.

■■ Claims of fraudulent joinder should be resolved in a summary judgment-like procedure whenever possible. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746 (5th Cir.1996). Although the district court may "pierce the pleadings" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff. *Id.* at 751; *Ford, et al. v. Elsbury, et al.,* 32 F.3d 931, 935 (5th Cir. 1994); *Dodson,* 951 F.2d at 42.

■ Freeman alleges that Canterbury and Gros, as the plant manager and safety director on and prior to December 28, 1996, were directly responsible for storage and/or handling of hazardous chemicals and failed to warn the agents and/or employees of Witco, and failed to advise petitioner and his employer and others of the dangerous propensities of Carbon Disulfide and its existence in the diked area. *See* Plaintiff's Exhibit "2."

---

1. Specifically, Plaintiff states, "Mr. Freeman has alleged that he has suffered severe, painful and permanent personal injuries, including, but not limited to back injuries and numerous contusions and abrasions, and that as a result of the accident, Mr. Freemen has suffered and continues to suffer pain and suffering, mental anguish and distress, disability, medical expenses, lost wages, loss of earning capacity, and loss of enjoyment of life. These allegations put Witco on notice that the potential damages were substantial, and that Witco should simply have filed its Notice of Removal within 30 days of receiving the petition." *See* Freeman's Memorandum in Support of Remand, p. 11.

Freeman argues extensively the fact-intensive nature of the "borrowed servant" and "statutory employee" inquiries. However, Witco does not claim that Canterbury and Gros are either borrowed servants or statutory employees. *See* Witco's Memorandum in Opposition, p. 12, fn. 4. Rather, Witco alleges that Canterbury and Gros cannot be held individually liable under *Canter*. Specifically, Witco maintains that "to state a cause of action, plaintiffs must show the existence of a personal duty toward an injured plaintiff, a breach of which caused the plaintiff's injuries." *See* Witco Memorandum in Opposition, p. 11, *citing Canter v. Koehring, Co.*, 283 So.2d 716 (La.1973). This court agrees with Witco that *Canter* applies under the facts of this case.

In *Canter*, the Louisiana Supreme Court set forth the following guidelines for imposing personal liability on an employee:

(1) The employer must owe a duty of care to the third person, the breach of which recovery is sought;

(2) This duty is delegated by the employer to the employee;

(3) The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault);

(4) With regard to personal fault, personal liability cannot be imposed upon an employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate ..., he is not personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter*, 283 So.2d at 721.

The Fifth Circuit embraced the *Canter* guidelines in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir.1994). In that case, plaintiffs filed a class action suit following an explosion at a fertilizer plant. The issue presented to the Fifth Circuit was whether the plaintiffs fraudulently joined the plant manager as a defendant to destroy diversity jurisdiction. The court considered and relied upon affidavits of the plant manager as well as affidavits of several employees of the plant that contradicted the plant manager's testimony. *Ford*, 32 F.3d at 938. Based upon the contradictory evidence offered by the plaintiffs, the Fifth Circuit found that the defendants failed to carry their burden in establishing fraudulent joinder.

Recently, Judge Polozola faced a similar factual scenario in *Hornsby v. AlliedSignal, Inc., et al.*, 961 F.Supp. 923 (M.D.La.1997). In that case, the plaintiffs failed to produce any evidence whatsoever that indicated the plant manager knew or should have known of the potential problems at the plant. Judge Polozola found that there was no possibility the plaintiffs might prevail against the plant manager personally under *Canter*.

In the present case, Witco offers the affidavits of Canterbury and Gros. Canterbury states that he was not the manager of the Witco Plant in Taft, Louisiana on December 28, 1996, nor was he present during the vacuum track operations carried out that day by Gulf South Systems, Inc. *See* Witco's Exhibit "A." Gros states that he was the Safety and Health Director for the Witco Plant in Taft, Louisiana on December 28, 1996. However, Gros claims that he was not present at the plant on that date.

Clearly, Witco has produced uncontroverted evidence to indicate that there is no possibility that Canterbury can be held personally liable under *Canter*. First, Witco established that Canterbury was not the plant manager at the time of the alleged accident. Second, even if Canterbury were the plant manager, the fourth criteria of *Canter* makes it clear that personal liability cannot be imposed merely because of general administrative responsibilities. Freeman has not produced any summary judgment type evidence or any other contradictory facts other than the conclusory allegations contained in his petition.

Witco has produced uncontroverted evidence to indicate that there is no possibility that Gros can be held personally liable under *Canter*. First, Freeman does not allege that Gros was at the scene of the alleged accident when it occurred. Rather, Freeman alleges, "... Gros ... **as the safety director on and prior to December 28, 1996** ... was directly responsible for the storage and/or handling of hazardous chemicals, ... and failed to warn the agents and/or employees of defendant, Witco, and failed to advise petitioner and his employer and others of the dangerous propensities of Carbon Disulfide and its existence in the diked area." *See* Plaintiff's Exhibit "2." It appears Freeman alleges that Gros is liable by virtue of his position with Witco. Freeman failed to establish by summary judgment type evidence that Gros owed a personal duty to Freeman at the time of the alleged accident.

Thus, this court finds that Witco demonstrated that there is no possibility that Freeman could recover from Canterbury and Gros, under the allegations pled.

### D. *Party's Request for Sanctions*

This court finds that both parties have made good faith arguments. Therefore, the parties requests for sanctions and costs is denied.

### III. *CONCLUSION*

It the present case, the initial pleading (the petition) did not affirmatively reveal the amount in controversy exceeded $75,000. Additionally, Witco was under no duty to investigate the amount in dispute. Therefore, this action was not removable at that time. However, Freeman's response to the Request for Admission propounded by Witco, wherein he denied that he would he would not seek damages nor execute on a judgment rendered in his favor in excess of $75,000, exclusive of interests and costs, constituted "other paper" within the meaning of § 1446(b). This "other paper" affirmatively revealed that Freeman sought damages in excess of $75,000, exclusive of interest and costs. Hence, this case became removable when Freeman denied the Request for Admission. Witco then filed a Notice of Removal within in thirty days of receipt of Freeman's response to the Request for Admission. This court finds that Witco timely filed its Notice of Removal.

Next, Witco showed that there is no possibility Freeman can recover from Canterbury and Gros. Thus, Witco established Freeman fraudulently joined Canterbury and Gros to defeat diversity jurisdiction.

Finally, since the court finds both parties made good faith arguments, their request for sanctions is denied.

Accordingly,

**IT IS ORDERED** that Clayton Freeman's Motion to Remand, be, and the same, is hereby **DENIED**.