**LEBOEUF, et al.,**

v.

**TEXACO, et al.**

**No. Civ.A. 98–1508.**

United States District Court,
E.D. Louisiana.

July 1, 1998.

---

Michael X. St. Martin, Joseph G. Jevic, III, Michelle Mayne Davis, St. Martin, Lirette & Williams, Houma, LA, Joseph G. Kopfler, Kopfler & Hermann, Houma, LA, Philip Francis Cossich, Jr., Cossich, Martin & Sumich, LLC, Belle Chasse, LA, Calvin Clifford Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA, Wendell H. Gauthier, James R. Dugan, II, Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, LA, Carolyn A. McNabb, Richard P. Mire, McNabb & Mire, Houma, LA, for Edward J. Leboeuf, Norris Nettleton, Jr., Lawrence Boquet, Jr., Sandra Boquet, Miss Lori Lee Inc.

Michael X. St. Martin, Joseph G. Jevic, III, Michelle Mayne Davis, St. Martin, Lirette & Williams, Houma, LA, Philip Francis Cossich, Jr., Cossich, Martin & Sumich, LLC, Belle Chasse, LA, Calvin Clifford Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA, Wendell H. Gauthier, James R. Dugan, II, Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, LA, Carolyn A. McNabb, Richard P. Mire, McNabb & Mire, Houma, LA, for Percy Dardar.

Daniel L. Baboval, Eric J. Simonson, Gina M. Venezia, Chaffe, McCall, Phillips, Toler & Sharpy, LLP, New Orleans, LA, Jeffrey M. Baudier, Texaco Inc. Legal Dept., New Orleans, LA, L. Joseph Loveland, C. Thomas Kruse, Sashe D. Dimitroff, King & Spalding, Houston, TX, for Texaco Inc., Texaco Pipeline Inc.

Michael L. McAlpine, Franklin Hardy Jones, III, Richard Abelard Cozad, McAlpine, Peuler & Cozad, New Orleans, LA, for Cenac Environmental Services, Inc.

PORTEOUS, District Judge.

This cause came for hearing on a previous date upon the motion of the plaintiffs to remand this action to the 32nd Judicial District for the Parish of Terrebonne, State of Louisiana.

The Court, having heard the arguments of counsel and having studied the memoranda submitted by the parties, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I. BACKGROUND

On July 23rd, 1997, the plaintiffs, Edward L. Leboeuf, Norris J. Nettleton, Jr. and Percy Dardar, individually and as representatives of those similarly situated, originally filed this action in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, alleging damages suffered from an oil spill on Lake Barre. On July 31st, 1997, the defendants, Texaco, Inc., Texaco Pipeline, Inc., Cenac Environmental Services, Inc., Industrial Cleanup, Inc., Garner Environmental services, Inc., Oil Mop, Inc., L & L Environmental Services, Inc., Complete Environmental Products, Inc., U.S. Environmental, Inc., Abasco and American Pollution Control Corp. Removed this action to this court based upon diversity jurisdiction, alleging the environmental clean-up companies (all defendants except the Texaco entities) were fraudulently joined. *See Leboeuf, et al v. Texaco, Inc., et al,* CA No. 97–2392, Section "T." The plaintiffs filed a motion to remand, which this Court granted on October 2, 1997. This Court found that the defendants failed to establish no possibility that the plaintiffs would be able to establish a cause of action against the Louisiana defendants in state court. Specifically, this court found that La.R.S. 30:2466 is not an absolute liability and that plaintiffs alleged numerous claims of negligence. Whether they will prevail under the "gross negligence" standard imposed by La.R.S. 30:2466 was not for this Court to decide at that time.

Upon their return to state court, the plaintiffs subsequently dismissed all of the non-diverse defendants except Cenac Environmental Services, Inc. Plaintiffs also filed an amended petition for the sole purpose of substituting Lawrence Boquet, Jr., Sandra Boquet and Miss Lori Lee, Inc. as named plaintiffs in place of Percy Dardar.

On March 23rd, 1998, the plaintiffs filed a motion for class certification wherein they stated in their memorandum in support that, "Pursuant to the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701, et seq.... Texaco is deemed the responsible party for the oil spill." However, the plaintiffs never amended their petition to assert claims pursuant to the OPA. Texaco then filed a declinatory exception of lack of subject matter jurisdiction and a dilatory exception of prematurity for hearing contending the plaintiffs failed to comply with mandatory administrative requirements of OPA.

On May 11th, 1998, the state district judge denied Texaco's exceptions. In adopting the argument of the plaintiffs, the district judge found that the letters sent by the plaintiffs to Texaco satisfied the requirements under the OPA.[1]

On May 20th, 1998, Texaco removed this action, again, based upon federal question jurisdiction.[2] It is defendants' position that not until the state court determined the plaintiffs complied with the presentment requirements of 33 U.S.C. § 2713, did the defendants learn that plaintiffs' claims were viable and that this case was removable. In other words, the defendants argue 33 U.S.C. § 2713(c) deprives any court of subject matter jurisdiction over OPA claims where the plaintiff has not first complied with OPA's presentment and claims procedure. Thus, defendants conclude that removal of this case when they were contesting the justiciability of the OPA claims would have been improper.

On May 26th, 1998, the plaintiffs filed a motion to remand this action to state court arguing the removal was untimely. Plaintiffs argue defendants received notice of their intent to seek recovery under the OPA on three occasions. First, plaintiffs contend the general allegations contained within their First Supplemental and Amending Complaint filed on January 29th, 1998, placed Texaco on notice that they could make claims pursuant to the OPA. Thus, defendants time for removal expired on March 2nd, 1998.[3] Second, plaintiffs contend defendants received notice of the OPA claim when, on March 2nd, 1998, plaintiffs responded to an interrogatory indicating their reliance upon OPA as a ground for recovery. According to the March 2nd date, plaintiffs argue, defendants time for removal expired on April 2nd, 1998. Finally, plaintiffs argue defendants also could have received notice of the federal claim when plaintiffs filed a motion for class certification on March 23rd, 1998. Thus, the plaintiffs represent the latest possible date for defendants to remove was April 23rd, 1998. Plaintiffs argue Texaco's delay in allowing the state court to rule on the exceptions changed nothing with regard to Texaco's knowledge of the grounds for removal.

### A. Timeliness of Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

Section 1446(b) sets forth the requirements for a timely removal. In pertinent part, § 1446(b) reads:

"The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant of such initial pleading has been filed in court and is not required to be served

---

1. Although the plaintiffs have not specifically alleged claims pursuant to the OPA, the state court embraced the plaintiffs "theory of the case" argument. In other words, plaintiffs argue that since they allege damages associated by the oil spill on Lake Barre, relief is available under any "theory," such as the OPA. See Plaintiff's Opposition to Texaco's Exceptions filed in state court.

2. All defendants join in the removal of this action. See Doc. # 1 and # 3.

3. There was no February 29th in 1998 and March 1st fell on a Sunday.

on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is of has became removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more that one year after commencement of the action."

The removal statute should be construed narrowly with doubt construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100 (5th Cir.1996); *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d 362 (5th Cir.1995).

### 1. *Initial Pleading*

This Court finds that neither the original petition nor the first supplemental and amending petition contain any reference to a federal claim so as to place defendants on notice for removal purposes. Plaintiffs' argument in this regard is without merit.

### 2. *Other Paper*

Plaintiffs argue defendants were "notified" of the federal question to trigger the time for removal when plaintiffs responded to an interrogatory on March 2nd, 1998.

Defendants propounded the following interrogatory to plaintiffs,

### *"Interrogatory Number 9*

Please set forth with specificity each and every legal and factual issue which you assert if "common" to all putative class members, *i.e.,* those issues which you claim would only have to be adjudicated once on behalf of, or with respect to, all putative class members."

*See* Plaintiffs' Exhibit "A."

Plaintiffs responded as follows to Texaco's Interrogatory Number 9,

### *"Answer to Interrogatory Number 9:*

The common legal and factual issues to be determined by this class action include, but are not necessary limited to, the following:

.     .     .     .     .

2. Whether Texaco is liable as a responsible party pursuant to the Federal Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*

.     .     .     .

4. Whether Texaco has any defend to liability as a responsible party pursuant to the Federal Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*

5. Whether any claimants are required to first file individual claims with the responsible party (Texaco) 90 days prior to filing suit in a court of law pursuant to the Federal Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* in light of written class claim previously submitted.

6. Whether any claimants are required to first file individual claims with the responsible party (Texaco) 90 days prior to filing suit in a court of law pursuant to the Federal Oil Pollution Act, 33 U.S.C. § 2701, *et seq.,* to proceed under the Louisiana Oil Spill Prevention and response Act, La.R.S. 30:2451 *et seq.*"

*See* Plaintiffs' "Exhibit A."

An interrogatory response which reveals the removability of an action, can constitute "other paper" pursuant to § 1446(b). In *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir.1992), the Fifth Circuit found that an interrogatory response by the plaintiff that his damages exceeded the jurisdictional amount constituted "other paper" for purposes of removal under § 1446(b). *See also Freeman v. Witco Corp.,* 984 F.Supp. 443 (E.D.La.1997), (where this court found the plaintiff's response to a request for admission constituted "other paper" under § 1446(b) sufficient to trigger the time period for removal.); *Booty v. Shoney's,* 872 F.Supp. 1524 (E.D.La.1995), (where it was not until receipt of plaintiffs' interrogatory answers that Shoney's became aware that plaintiffs' claims were removable); *Vincent v. Silver Cinema's, Inc.,* 1998 WL 274242 (E.D.La.), (defendants' receipt of an interrogatory response put them on notice of removability of

action); *Gullage v. KMart Corp.*, 1996 WL 255919 (E.D.La.), (the court found the cause of action was not removable until the defendant was put on notice by plaintiff's interrogatory response). Thus, the jurisprudence is clear that an interrogatory response indicating the removability of an action can trigger the 30–day period for filing a notice of removal under § 1446(b).

After reviewing the exhibits submitted by the plaintiffs, this Court finds plaintiffs' March 2nd, 1998 interrogatory response appears to have raised an issue of federal law sufficient to trigger the thirty-day period for removal. However, the Court will examine defendants' arguments pertaining to 33 U.S.C. § 2713 as being jurisdictional.

### B. *33 U.S.C. § 2713*

■ Defendants argue 33 U.S.C. § 2713 deprives any court of subject matter jurisdiction over OPA claims where the plaintiff has not first complied with OPA's presentment and claims procedure. Thus, defendants conclude that removal of this case when they contested the jurisdiction of the OPA claims would have been improper.

Section 2713 of Title 33 of the United States Code provides in pertinent part,

"**(a) Presentation**

Except as provided in subsection (b) of this section, all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title."

Defendants cite the case of *Marathon Pipe Line Co., et al v. LaRoche Industries, Inc., et*

*al*, 944 F.Supp. 476 (E.D.La.1996) in support of its contention the presentation requirement of 33 U.S.C. § 2713 is jurisdictional. In *Marathon*, Judge Clement stated that " § 2713's presentation requirement is jurisdictional and mandates dismissal when that provision is applicable and not complied with by the claimant." *Marathon*, 944 F.Supp. at 477.[4] In reaching this conclusion, Judge Clement relied upon the Eleventh Circuit case of *Boca Ciega Hotel v. Bouchard Transp. Co.*, 51 F.3d 235 (11th Cir.).

This Court has examined the *Boca Ciega* case and determined the Eleventh Circuit held the following,

"[W]e therefore hold that the clear text of the § 2713 creates a **mandatory condition precedent** barring all OPA claims unless and until a claimant has presented her claims in compliance with § 2713(a) and either: (1) all responsible parties deny all liability; or (2) the claim is not settled within 90 days after (A) the claim was presented, or (B) advertising was begun under section 2714(b) of the Act, whichever is later. 33 U.S.C.A. § 2713(c)."

*Boca Ciega*, 51 F.3d at 240.

Nowhere in the *Boca Ciega* opinion does this Court find the Eleventh Circuit concluding the requirements of § 2713 as being **jurisdictional**. Rather, the Eleventh Circuit found the presentment requirements a mandatory condition precedent. The reasoning of the Eleventh Circuit is more in accord with an exhaustion of administrative process.[5] This Court respectfully disagrees with Judge Clement's conclusion that compliance with § 2713 is jurisdictional.[6]

---

**4.** *Marathon* is distinguishable in two respects. The issue of § 2713's presentment requirements was before Judge Clement on a motion to dismiss pursuant to Rule 12(b)(1) and the plaintiffs originally filed their action in federal court.

**5.** This Court has been unable locate a case addressing removal and the presentment requirements of 33 U.S.C. § 2713. However, it is quite common for defendants to remove cases and then contest the failure to exhaust administrative remedies/procedures. *See Spicer v. LP & L*, 1993 WL 133765 (E.D.La.), (The defendant removed action contending employee severance benefits package was governed by ERISA. Thereafter, defendant moved for summary judgment claiming the plaintiff failed to make an administrative

claim for severance benefits under the plans provided to employees, and there was no formal denial of benefits through the plans.); *Goodson v. RTC*, 1996 WL 267993 (E.D.La.), (RTC removed and then moved for dismissal based on plaintiff's failure to exhaust administrative remedies.); *Boudreaux v. Hoffman, et al*, 1997 WL 610874 (E.D.La.), (The defendant removed and then moved the court for partial summary judgment of plaintiff's Title VII claim because the plaintiff failed to file and EEOC charge of discrimination prior to instituting suit in court).

**6.** Section 2717 of Title 33 of the United States Code reads in pertinent part,

"**(b) Jurisdiction**

## II. CONCLUSION

It is clear to this Court the plaintiffs raised an issue of federal law in the March 2nd, 1998 interrogatory response sufficient to trigger the thirty-day period for removal. This Court finds defendants' argument that removal was improper until the state court determined plaintiffs' complied with the presentment requirements of 33 U.S.C. § 2713 without merit and unsupported by the law. The presentment requirements of 33 U.S.C. § 2713 are not jurisdictional so as to preclude removal until a state court determines whether those requirements have been met. Rather, this Court agrees with the Eleventh Circuit that such requirements are mandatory conditions precedent to filing an action in either state or federal court.

Since this Court finds the defendants were placed on notice of a federal question arising under the OPA when plaintiffs responded to an interrogatory request on March 2nd, 1998, the time for removal expired on April 2nd, 1998. Defendants' removal on May 20th, 1998 was untimely.[7]

Accordingly,

**IT IS ORDERED** that the motion of plaintiffs to remand this action to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, be, and the same is hereby **GRANTED** .

**IT IS FURTHER ORDERED** that plaintiffs' request for costs, expenses and attorneys' fees associated for defending this removal, be, and the same is hereby **DENIED.**

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the 32nd Judicial

District Court for the Parish of Terrebonne, State of Louisiana, No. 119,832, Div. "C."

Except as provided in subsections (a) and (b) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy.

.   .   .   .   .   .

**(c) State court jurisdiction**
A State trial court of competent jurisdiction over claims for removal costs or damages, as defined under this chapter, may consider claims under this chapter or State law and any final judgment of such court (when no longer subject to ordinary forms of review) shall be

recognized, valid, and enforceable for all purposes of this chapter."
Thus, a plaintiff may file an OPA claim for removal costs or damages in either state or federal court. If the Court were to accept defendants' argument, then no court would ever have jurisdiction to hear whether a plaintiff has complied with § 2713.

7. Plaintiffs also request costs, expenses and attorneys' fees associated in defending this removal. This Court finds that defendants removed in good faith and that such an award is not warranted.