**Geraldine FORD, et vir, John Ford, Plaintiff,**

v.

**SHONEY'S RESTAURANTS, INC., et al., Defendants.**

No. 1:95–CV–282.

United States District Court,
E.D. Texas,
Beaumont Division.

July 7, 1995.

Bryan O. Blevins, Jr., Provost & Umphrey, Beaumont, TX, for plaintiff.

Paul Eugene White, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs Geraldine Ford and John Ford (Fords) move to remand the above styled and numbered cause to the 172nd Judicial District Court in Jefferson County, Texas, pursuant to 28 U.S.C. section 1447.[1] Plaintiffs contend that defendant Shoney's Restaurants, Inc. (Shoney's) did not file a notice of removal within the thirty-day period provided by 28 U.S.C. section 1446(a).

---

1. Title 28 U.S.C. section 1447 provides in pertinent part:

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

Plaintiffs failed to state the amount in controversy in their first two amended petitions or the dollar amount sought to be recovered from the named defendant. Defendant furnished answers through the discovery process that plaintiffs claimed approximately $4,000 in actual medical damages. The Fords maintain that Shoney's had sufficient information through the discovery process to determine that the Fords' total damage claim exceeded $50,000 at least thirty-days before Shoney's filed its notice of removal. Finding that Shoney's discovery answers did not conclusively establish removal jurisdiction, this court DENIES plaintiffs' Motion to Remand.

## BACKGROUND

While partaking of Shoney's buffet dining in Baytown, Texas, on December 12, 1992, Geraldine Ford alleges she slipped and fell on some hashbrowns that inadvertently left someone's plate or, in some manner, fell from the "breakfast bar" and found their way onto the restaurant floor. Geraldine Ford allegedly suffered a fractured humerus bone in her right shoulder and a fractured right ankle in this hashbrown induced fall.

The Fords filed their original petition in the 172nd Judicial District Court, Jefferson County, Texas, alleging that Shoney's was negligent in failing to remove the dangerous hashbrowns from the premises floor and that Shoney's employees knew or should have known that hashbrowns on the restaurant floor could pose a less than humorous health hazard. John Ford also brought a resulting claim for loss of consortium.

Shoney's filed an answer on January 3, 1995 and later amended its answer to specially except to plaintiffs' petition and to change the misnomer of Shoney's Restaurant Inc., a Texas corporation, to Shoney's Inc., a Tennessee corporation. The parties exchanged Interrogatories and Requests for Production in February 1995. At that time, Shoney's

answered Fords' request for production noting that Geraldine Ford incurred actual medical damages of at least $4,000 for treatment of her injuries.

Pursuant to Shoney's special exceptions, the Fords then filed a Second Amended Original Petition on May 19, 1995. This new petition pled a maximum of $750,000 in damages. In response, Shoney's filed a notice of removal on May 26, 1995, pursuant to 28 U.S.C. section 1441(a) and 1332, alleging diversity of citizenship and the requisite amount in controversy.

## ANALYSIS

The Fords ask this court to remand the instant case to the 172nd Judicial District Court, Jefferson County, Texas, on the grounds that Shoney's notice of removal was untimely. The parties do not dispute that the plaintiffs' initial pleadings failed to set forth a removable claim.[2] However, the Fords rely on the provision "other paper" found in paragraph two of section 1446(b) to trigger the thirty day removal period. 28 U.S.C. section 1446(b) states, in pertinent part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

The Fords contend that Plaintiffs' Original Petition informed Shoney's of Geraldine Ford's necessary hospital and medical expenses as well as the present and future ramifications of physical pain, suffering, and mental anguish. Initial discovery also

---

**2.** The Fifth Circuit has held:
... for the purposes of the first paragraph of 1446(b), the thirty day time period in which a defendant must remove a case starts to run from a defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiffs is seeking damages in excess of the minimum jurisdictional amount of the federal court.
*Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993).

showed that Shoney's knew Geraldine Ford's treatment and medical expenses were in excess of four thousand dollars ($4,000). Plaintiffs maintain that Shoney's discovery answers concerning Ford's medical condition and resulting medical expenses constituted "other paper" for purposes of ascertaining when the case became removable, especially when coupled with the allegations presented in Plaintiffs' Original and Amended Petitions.[3]

Shoney's contends that it first ascertained that the case became removable when plaintiffs filed their Second Amended Petition on May 19, 1995, in which, the Fords prayed for damages of $750,000. Notice of removal was then filed on May 26, 1995, well within the thirty day requirement of section 1446(b). Shoney's maintains that the "other paper" relating to Ford's medical expenses showed a mere $4,000 in actual damages. Shoney's contends that this amount falls far short of the jurisdictional prerequisite in damages and far short of putting a defendant on notice that plaintiffs sought an amount greater than $50,000.

■ Although "other paper" is not defined by section 1446(b), the statute is clear that the thirty day removal period begins to run when defendant receives the requisite written notice of facts making the case removable. *See Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 81–82 (S.D.Miss.1995). Discovery responses that show plaintiff's medical expenses certainly qualify as "other paper" under section 1446(b).[4]

■ The question in the case *sub judice* is whether written acknowledgment of plaintiff's $4,000 in medical expenses constitutes first notice of removability. The answer is no. This is especially true in this case when the written report of one of plaintiffs' treating physicians reported that the injuries sus-

tained by Mrs. Ford on December 12, 1992, occurred when "a 52 year old . . . housewife fell in the shower in the Port Arthur or Bridge City area where she lives, on 12–12–92." Whether the doctor's report is accurate or not, it does not place defendant on notice that the injuries claimed were caused by defendant's negligence. The "other paper" theory must necessarily fail.

Section 1446(b) expressly grants a defendant thirty days from the time "which it may be first ascertained" that a case has become removable to file a notice of removal. 28 U.S.C. § 1446(b). The "other papers," or discovery responses in this case, reveal defendant's knowledge of $4,000 claimed in actual damages. The amount in controversy requirement for removal jurisdiction could not be met by a defendant relying on $4,000 in actual damages coupled with pain and suffering as stated in plaintiffs' previous pleadings. Nor can plaintiffs rely on $4,000 in actual damages to put defendant on notice that the case is removable. As such, plaintiffs' "other paper" contention carries little weight.

■ The goal of 28 U.S.C. section 1446(b) is not to provide plaintiffs with a means to trick defendants into failing to file timely removal notices. This court finds that requiring defendants to guess whether a plaintiff is alleging an amount in controversy greater than $50,000 when a plaintiff has not expressed a dollar amount for damages, or when "other paper" shows an amount of actual damages far below the jurisdictional limit, to be unduly burdensome. Therefore, this court holds that defendant's receipt of Plaintiffs' Second Amended Original Petition, asserting damages of $750,000, began the thirty day filing period for removal. Defendant's timely notice of removal was filed seven days later.

---

**3.** In support, the Ford's rely on *Chapman v. Powermatic, Inc.*, 969 F.2d 160. However, *Chapman* simply holds that in order for the "other paper" proviso to trigger the thirty day period for removal, the defendant must receive the "other paper" after the filing of the initial pleadings. *Id.* at 164. The court did not address the question of what "other paper" obtained after receipt of the initial pleadings necessarily puts the defen-

dant on notice that the thirty day period to removal an action has begun.

**4.** *See Herrington v. J.R. Pounds, Inc.*, 874 F.Supp. 133, 136–137 (S.D.Miss.1995) (citing cases discussing section 1446(b)'s "other paper" requirements).

For the foregoing reasons, plaintiffs' motion to remand is in all things DENIED.