**JADE EAST TOWERS DEVELOPERS, a Florida General Partnership, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, Defendant.**

No. 3:96cv266/RV.

United States District Court, N.D. Florida, Pensacola Division.

Aug. 9, 1996.

Sherri Denton Lahart, Lahart & Lahart, Les W. Burke, Burke & Blue, P.A., Panama City, FL, for plaintiff.

Mark Judson Upton, Mark J. Upton P.A., Mobile, AL, for defendant.

## ORDER

VINSON, District Judge.

Pending is the motion of plaintiff Jade East Towers Developers for remand. (doc. 7)

Plaintiff Jade East Towers Developers ("Jade East") owns property that was insured by defendant Nationwide Mutual Insurance Company ("Nationwide"). The property was damaged by Hurricane Opal. Nationwide refused to pay damage claims submitted by Jade East. On March 18, 1996, Jade East filed suit against the defendant in the Circuit Court in and for Okaloosa County, Florida, alleging breach of contract. Nationwide was served with the complaint on March 27, 1996.

On April 30, 1996, at a settlement conference between the parties, Jade East demanded damages in excess of $50,000. On the basis of that demand, Nationwide removed the action to this Court on May 24, 1996, under Title 28, United States Code, Section 1446(a). On that same date, Nationwide filed a request for admissions, and requested that Jade East admit that it was claiming in excess of $50,000 in damages. Jade East admitted that fact on June 5, 1996, but filed its motion to remand on June 21, 1996, within the required thirty-day period. *See* 28 U.S.C. § 1447(c).

Jade East contends that under Title 28, United States Code, Section 1446(b), the present action should be remanded to state court, since Nationwide failed to file its notice of removal within thirty days after being served with the initial complaint on March 27, 1996. Nationwide contends that the thirty-day period did not begin to run until the date of the settlement conference, when it first learned that the claimed damages exceeded $50,000.

Title 28, United States Code, Section 1446(b) states in relevant part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable....

(emphasis added). Jade East, relying upon *Central Iowa Agri–Systems v. Old Heritage Advertising and Publishers, Inc.*, 727 F.Supp. 1304 (S.D.Iowa 1989), argues that its demand letter of February 15, 1996, constituted the "other paper" within the meaning of Section 1446(b) because it demanded payment of all submitted claims. According to Jade East, the letter, together with the attached receipts, sufficed to put Nationwide on notice that the amount in controversy exceeded $50,000. In response, Nationwide, citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992), *cert. denied*, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993), contends that under the plain language of Section 1446(b), a pre-suit demand letter does not constitute an "other paper."

I find the reasoning of the Fifth Circuit in *Chapman* more persuasive than that of the district court in *Central Iowa Agri–Systems*. The second paragraph of Section 1446(b) only applies when the case stated by the **initial pleading** is not removable. "By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of Section 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading." *Chapman, supra*, 969 F.2d at 164. *See* 14A Charles Alan Wright, Arthur B. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3732. Here, the demand letter was sent before the initial

pleading was filed. Although the defendant *may* utilize information from such a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b).

Even assuming that a demand letter can constitute an "other paper," the letter here provides insufficient notice to trigger the thirty-day time period. Jade East did not specify a damage amount in the letter, but instead attached various receipts for repairs and expenses. While courts have differed over the duty to investigate of the party seeking removal, most courts have held that when the initial pleading does not contain a specific demand for damages, the time period begins to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimal jurisdiction amount. *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir.1992); *Petersen v. Cates Sheet Metal Industries, Inc.,* 1996 WL 40999 (W.D.Mo. 1996); *Smith v. Bally's Holiday,* 843 F.Supp. 1451, 1453 n. 5 (N.D.Ga.1994); *Rowe v. Marder,* 750 F.Supp. 718, 721 (W.D.Pa.1990), *aff'd,* 935 F.2d 1282 (3rd Cir.1991). Here, the demand letter did not demand a specific amount of damages, and was not sufficient to trigger the thirty-day time period.

Nationwide removed the case within thirty days of the settlement meeting on April 30, 1996, the first time that plaintiff notified Nationwide of its specific claim for more than $50,000 in damages. Jade East confirmed that in writing on June 4, 1996, in its response to Nationwide's request for admissions. It is this "paper" that triggers the thirty-day time requirement of Section 1446(b). The motion of plaintiff for remand is DENIED.