JOHN HUNTER, INC. d/b/a Hunter
& Associates and J.S. Global,
Inc. Plaintiffs,

v.

GREAT IMPRESSIONS APPAREL,
INC., d/b/a GI Apparel,
Defendant.

No. CIV. 3:02–CV–0651–H.

United States District Court,
N.D. Texas,
Dallas Division.

June 24, 2002.

Mark C. Frels, Mark H. How, Short, How, Frels & Heitz, Dallas, TX, for plaintiffs.

Pete Harry, Todd S. Spickard, Brown, McCarroll, Dallas, TX, for defendant.

## *MEMORANDUM OPINION AND ORDER*

SANDERS, Senior District Judge.

Before the Court is Plaintiffs' Motion for Remand, filed April 26, 2002; Defendant's Response thereto, filed May 16, 2002; and Plaintiffs' Reply, filed May 16, 2002. Upon review of the pleadings, briefs, and relevant authorities, the Court is of the opinion for the reasons stated below that Plaintiffs' Motion for Remand should be GRANTED.

## I. BACKGROUND

Plaintiffs, sales representatives of sportswear, allegedly entered into an oral contract in which they were appointed sales representatives for the Defendant, a manufacturer of sportswear. (Compl.¶ 2, 3). Plaintiffs contend that they solicited, obtained, placed, and delivered sales orders for Defendant's sportswear products but were not paid commissions on the shipment of Defendant's sportswear to department and specialty stores before or after the termination of their agreement. (Compl.¶ 4).

On August 3, 2001, Plaintiffs sued Defendant in State Court. Defendant filed its Original Answer and Counterclaim on September 24, 2001 and on January 2, 2002, Plaintiffs served the Defendant with their First Request for Admissions, Interrogatories, and Request for Production of Documents. Plaintiffs subsequently filed a Supplemental Petition in State Court on February 13, 2002. On March 14, 2002, Plaintiffs served Amended Responses to Defendant's Requests for Disclosure. Defendant removed this case on March 28, 2002, representing in its Notice of Removal that Plaintiffs had, for the first time, identified the amount of damages as exceeding $75,000 in their Amended Responses.

Both Parties agree that complete diversity exists and that the amount in controversy exceeds $75,000. Plaintiffs argue, however, that Defendant's removal is untimely because both the Original Petition and the January 2002 Discovery Requests indicated that Plaintiffs were seeking damages in excess of $75,000. Defendant contends that it timely removed the case because the Original Petition did not contain a jurisdictional amount and because Plaintiffs' Request for Admissions, Interrogatories, and Request for Production of Documents does not constitute "other paper" within the meaning of 28 U.S.C. § 1446(b).

## II. ANALYSIS

### A. Whether the case was removable based upon the initial pleading

Plaintiffs initially argue that Defendant untimely removed this case because

the case was removable based on the initial pleading. Under 42 U.S.C. § 1446(b), "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading." Plaintiffs contend that the case was removable because they stated in Count One of the initial pleading that "Plaintiffs have suffered damages in excess of the minimum jurisdictional limits" and thus, Defendant was on notice that the Plaintiffs were seeking over $75,000 in damages. (Mot. at 2). This argument was addressed and rejected by the Fifth Circuit in *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992). In *Chapman*, the Court considered whether the phrase, "suffered damages in excess of the minimum jurisdictional limits of the Court" would alone make an initial pleading removable and determined that it did not. *See id.* at 162 n. 3, 163. The Court held that the thirty day period in which a Defendant may remove a case only begins to run from receipt of the initial pleading if it is clear that the Plaintiff is seeking damages in excess of the *federal* jurisdictional minimum. *See id.* Plaintiffs here did not expressly state that the damages would exceed the jurisdictional minimum in federal court and to require the Defendant to make an independent calculation of presumed damages when it received the initial pleading as it was written in this case would be an unnecessary burden. *See id.* Thus, the Court cannot remand this case on the basis that removal was untimely because the initial pleading was removable.

**B. Whether Plaintiffs' Discovery Request constitutes "other papers"**

■ Plaintiffs also assert that the Request for Admissions, served on the Defendant on January 2, 2002, contained enough information on the damages sought to toll the thirty day period for removal under 28 U.S.C. § 1446(b). Where a case is not removable based on the initial pleading, as is the case here, 28 U.S.C. § 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." It is well established that discovery responses constitute "other papers." *See Chapman*, 969 F.2d at 164 (finding that an answer to an interrogatory constitutes "other paper"). The Fifth Circuit has not addressed, however, the question of whether a discovery request constitutes "other paper."

"The Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff.*" *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) (emphasis in original). Thus, Plaintiff deposition transcripts, and not Defendant affidavits, constitute "other paper." *See id.* Other courts have also held that a Plaintiff's written settlement offers and demand letters constitute "other papers." *See Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1349 (M.D.Fla.2001); *Stramel v. GE Capital Small Business Finance Corp.*, 955 F.Supp. 65, 67 (E.D.Tex.1997); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D.Ariz. 2001). Thus, it is equally appropriate to consider a list of requests for admission regarding various damage amounts to be equally indicative of a Plaintiff's intention to seek an amount of damages. Therefore, this Court finds that a request for admissions constitutes "other paper" under 28 U.S.C. § 1446(b).

■ The Court must now consider whether the requests for admissions in this case constituted sufficient notice to the Defendant that Plaintiffs were seeking in

excess of $75,000 in damages. The relevant admissions are as follows [1]:

> **Request for Admission No. 7:** That JS Global was assessed and paid a charge-back to JCPenney for the return of the Tabu Shirts in the total amount of $16,198.78 (the "Tabu Shirt Charge-Back").
>
> **Request for Admission No. 8:** That Hunter is entitled to recover damages against GI Apparel for the amount of the Tabu Shirt Charge-Back.
>
> **Request for Admission No. 9:** That Hunter has also paid charge-backs for other GI Apparel products returned by JCPenney in the total sum of $274.38 (the "Other JC Penney Charge-Back").
>
> **Request for Admission No. 12:** That JHI is entitled to recover damages against GI Apparel for commissions on order booked on or before July 26, 2001, for shipment of GI Apparel products to any other of the Accounts in Plaintiffs' Territory.
>
> **Request for Admission No. 13:** That GI Apparel owes JS Global an outstanding balance for commissions due in April 2001 in the sum of $2,020.45.
>
> **Request for Admission No. 14:** That GI Apparel owes JS Global for commissions due May 2001 in the total sum of $6,849.19.
>
> **Request for Admission No. 15:** That GI Apparel owes JS Global for commissions due in June 2001 in the total sum of $13,377.44.
>
> **Request for Admission No. 16:** That GI Apparel has not paid Plaintiffs commissions on orders which were booked prior to, but shipped after July 26, 2001.

Pls. Mot. at 2; Pls.App. 2, Exh. A at 9–10.

Plaintiffs assert that when adding each of the amounts provided in the requests listed above in aggregate, trebling the damages pursuant to Tex. Bus. & Comm. Code § 35.84, and adding reasonable attorneys fees, the sum exceeds the jurisdictional minimum. Defendant contends the amount of damages sought did not exceed the jurisdictional limit because some of the amounts were owed to John Hunter, a non-party, charge-backs were not alleged in the original petition, and in general the amounts cannot be considered in the aggregate. Asserting these arguments, Defendant principally objects to Requests 7, 8, 9, 12, and, 16 and the Court will assume *arguendo* that those requests should not be considered in determining the damages amount. Nevertheless, when adding the amounts in Requests 13–15, Defendant should have determined that the Plaintiffs were seeking damages in excess of $75,000.

■ The damages requested should be considered in the aggregate. Aggregation of damages is allowed where Plaintiffs are enforcing a single right, arising from the same legal source. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330–31 (5th Cir.1995). In *Phillips Petroleum Co. v. Taylor*, 115 F.2d 726, 728 (5th Cir.1940), the Fifth Circuit found that damages should be aggregated where a number of Plaintiffs were suing to enforce a title or right, in which they had a single undivided interest against the Defendant. The Court noted that each Plaintiff's interest derived from the same legal document, and that the liability of the Defendant was based solely on that document. *See id.* Here, the Plaintiffs' interests are derived from the same oral contract and they sue together to enforce that contract. That each Plaintiff may eventually have an interest in how the award is divided does not

---

[1]. JHI refers to Plaintiff John Hunter, Inc., "Hunter" refers to John Hunter, who is not a Party, and "JS Global" refers to Plaintiff J.S. Global, Inc. Pls.App. 2; Exh. A. at 6.

affect the "integrated quality" of the damages at this stage. *See id.* Therefore, the damages alleged against one Plaintiff will be considered in the aggregate with the damages alleged against the other.

The sum of Requests 13–15 when considered in the aggregate is $22,247.08 and trebled is $66,741.24. Plaintiffs are correct that the Court may consider reasonable attorneys fees, which would likely exceed $8258.76, the remaining difference between the damage amount and the jurisdictional minimum. *See Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir.1990). This Court finds that Plaintiffs, in their Request, sufficiently asserted damages that would exceed the jurisdictional minimum of this Court; thus, the thirty day period for removal began to run from January 2, 2002. Because Defendant did not remove this case until March 28, 2002, the case will be remanded as untimely removed and Plaintiffs' Motion is **GRANTED**.

## III. CONCLUSION

For the reason stated above, Plaintiffs' Motion to Remand is **GRANTED**. The case is remanded to County Court at Law # 1, Dallas County, Texas.

SO ORDERED.