Gary BRANDON and Wanda Brandon, Individually and on Behalf of the Wrongful Death Beneficiaries of Kristi Kay Brandon Plaintiffs

v.

TOYOTA MOTOR CORPORATION, Toyota Motor Sales, U.S.A., Inc. and Regency Toyota, Inc. D/B/A Mark Escude Toyota Defendants

No. CIV.A. 3:02CV1518LN.

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 19, 2002.

Ralph E. Chapman, Chapman, Lewis & Swan, Clarksdale, MS, for Plaintiffs.

David L. Ayers, James J. Crongeyer, Jr., Watkins & Eager, Jackson, MS, for Defendants

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs Gary Brandon and Wanda Brandon, individually and on behalf of the wrongful death beneficiaries of Kristi Kay Brandon, to remand, pursuant to 28 U.S.C. § 1447. Defendants have responded in opposition, and the court, having considered the submissions and memoranda of the parties, concludes that the motion is not well taken and should be denied.

Plaintiffs have filed the present wrongful death action against defendants, seeking recovery arising out of the death of Kristi Kay Brandon in a March 24, 2001 automobile accident. On October 12, 2001, plaintiffs filed suit in the Circuit Court of Hinds County, naming as defendants Toyota Motor Corporation, Toyota Motor Company, Ltd., Toyota Motor Sales, U.S.A. and a car dealership named in the complaint as "Mark Escude, d/b/a Mark Escude Daewoo, Inc., a Mississippi resident." On December 3, 2001, plaintiffs filed a second amended complaint, adding as a defendant a second car dealership, namely "Gray–Daniels Ford, as successor in interest to Mark Escude Daewoo, Inc." Both car dealerships were alleged in the complaints to be Mississippi residents.

Subsequently, plaintiffs realized that the dealerships they had named had not actually sold the car involved in the accident in the present case, and that the car had instead been sold by another dealership, "Regency Toyota, Inc., d/b/a Mark Escude Toyota." In fact, plaintiffs were informed of this information by a July 9, 2002 letter from the attorney for the defendants. On August 12, 2002, plaintiffs filed a motion for leave to amend their complaint in order to dismiss the original dealership defendants and to substitute in their place "Regency Toyota, Inc., d/b/a Mark Escude Toyota" (Regency Toyota). By order dated September 12, 2002, the Hinds County Circuit Court granted plaintiff's motion and authorized the filing of plaintiff's proposed third amended complaint, which was then filed of record on September 19, 2002. Defendants removed the case to this court on September 20, 2002, asserting that complete diversity of citizenship existed among the parties named in the third amended complaint. *See* 28 U.S.C. § 1332.

In their motion to remand, plaintiffs argue that the case was not removed within the thirty-day removal period set forth in 28 U.S.C. § 1446(b)[1] and that the case must be remanded. In this vein, they initially note that, in its answer filed on January 29, 2002, former defendant Gray–Daniels Ford stated that it "was not the successor in interest to Mark Escude Dae-

---

1. 28 U.S.C. § 1446(b) provides that the notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

woo, Inc." and that it was not a proper defendant in the present case. Plaintiffs assert that these representations in Gray Daniel Ford's answer put the other defendants on notice that this dealership was not a proper defendant and thus started the running of the removal clock. Plaintiffs contend alternatively that the July 9, 2002 letter from defense counsel David Ayers demonstrated subjective knowledge on the part of defendants that neither of the defendant dealerships was a proper defendant,[2] and that this letter would have commenced the thirty-day period for removal to run. Finally, they contend that at the very latest, the time for removal started to run on August 2, when they filed their motion to amend to dismiss the originally named resident defendants and to name in their place Regency Toyota. For the reasons that follow, the court concludes that plaintiffs' arguments must be rejected.

■ In the view of the court, neither the answer filed by Gray Daniels nor the letter sent by defense counsel Ayers served to commence the running of the thirty-day removal period in the present case. In *SWS Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996), the Fifth Circuit concluded that "subjective knowledge of the defendant, as in its attorney's affidavit, cannot start accrual of the 30-day removal period." In so concluding, the Fifth Circuit in *SWS Erectors* noted that

[u]nder 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. The Fifth Circuit has indicated that the "other paper" conversion requires a voluntary act by the plaintiff. *See Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 254 (5th Cir.1961).... Further, this Court has held that the defendant's subjective knowledge cannot convert a case into a removable action. *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992).

*Id.* In light of this authority, any subjective knowledge on the part of defendants or their counsel was insufficient to commence the running of the removal period herein.

■ Plaintiffs' alternative contention that the thirty-day removal period began running on August 8, 2002, when they filed their motion for leave to amend to dismiss the original dealership defendants, is also without merit. Assuming the amount in controversy requirement of § 1332 is satisfied, a plaintiff's motion to amend his state court complaint to drop all nondiverse defendants and to add a diverse defendant could constitute "other paper" serving to make a case removable on the basis of diversity, provided it was clear from the motion to amend that the amendment would make the case removable. Here,

---

**2.** In his letter addressed to counsel for plaintiffs, Ayers indicated that Mark Escude, d/b/a Mark Escude Daewoo, Inc. never existed in the form in which it was sued and that it had, "in any event, nothing to do with [the] car" involved in the accident. Ayers further asserted that "the entity 'Mark Escude d/b/a Mark Escude Daewoo, Inc. a/k/a Mark Escude Toyota' does not appear to have ever existed." Ayers further indicated that "while it is obvious this car was sold by a dealer, the fact is that you have not sued that dealer at present." Ayers suggested to counsel for plaintiffs the identity of the true dealer of the vehicle, writing that the "title history and other sales records relating to this car clearly reflect that it was sold by a dealer called Regency Toyota, Inc., d/b/a Mark Escude Toyota." Ayers thus suggested entry of an agreed order "dismissing the improper dealer entities and allows the filing of a third amended complaint that adds the correct dealer entity as identified above."

however, plaintiffs' proposed second amended complaint, which was attached as an exhibit to their motion to amend, incorrectly recited that Regency Toyota, the defendant plaintiffs sought to add in the place of the resident defendants they were dismissing, was a Mississippi resident.[3] While plaintiffs now concede that this defendant is actually a dissolved Florida corporation, they plainly asserted otherwise in their motion to amend and their third amended complaint. Since neither the motion to amend nor the proposed amended complaint appended to that motion affirmatively disclosed the existence of diversity of citizenship, the filing of that motion did not commence the running of the removal clock. *Cf. Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163, *reh'g denied,* 976 F.2d 732 (5th Cir.1992), *cert. denied,* 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993) (stating that "for the purposes of the first paragraph of 1446(b), the thirty day time period in which a defendant must remove a case starts to run from a defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiffs are seeking damages in excess of the minimum jurisdictional amount of the federal court.").[4] At the time of plaintiffs' motion to amend, defendants may or may not have known that Regency Toyota was not, in fact, a Mississippi company; but in accordance with the court's reasoning in *Chapman,* they were entitled to rely on the plaintiffs' allegations. And, since neither plaintiffs' motion for leave to amend nor their third amended complaint asserted facts which would establish the existence of diversity jurisdiction,[5] these filings did not serve to commence the running of the thirty-day removal period.[6]

Plaintiffs do not dispute that there is, in fact, diversity jurisdiction in this case; and inasmuch as the court has rejected their objection to the timeliness of the removal, their motion to remand will be denied.

**3.** Plaintiffs incorrectly alleged in their third amended complaint that "Regency Toyota, Inc. d/b/a Mark Escude Toyota is a corporation organized and existing under the laws of the state of Mississippi."

**4.** In *Chapman,* the court explained as follows: We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know. [A rule which gauged the timing of removal by reference to what the defendant could have known in the exercise of due diligence] would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence. *Chapman,* 969 F.2d at 163.

**5.** Plaintiffs alternatively assert that their (apparent) failure to respond to requests for admissions propounded by defendant Toyota served to commence the running of the thirty-day removal period. This argument is without merit, inasmuch as the admissions responses were not due until August 26, 2002. Thus, the September 20, 2002 removal was effectuated within thirty days of the requests for admissions having been deemed admitted. This is assuming that plaintiffs did, in fact, fail to respond to the requests for admissions, as suggested by defendants.

**6.** The commencement of the running of the thirty-day removal period in § 1446(b) is not a jurisdictional requirement for removing a case to federal court. Therefore, the court would have removal jurisdiction over the present case even assuming that the thirty-day removal period had not begun to run at the time of removal. *Cf. Tabbert, Hahn, Earnest, Webble, P.C. v. Lanza,* 94 F.Supp.2d 1010, 1012 (S.D.Ind.2000) (observing that notice of removal is timely even if removal clock has not yet begun to run).

It is therefore ordered that plaintiffs' motion to remand is denied.