FILED

**NOT FOR PUBLICATION**

FEB 22 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES A. BADAME and DIANE M. BADAME, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Company, Erroneously Sued As JP Morgan Chase Bank NA, Substituted for Washington National Bank, <br><br> Defendant - Appellee. | No. 14-55789 <br><br> D.C. No. 2:13-cv-05425-PA-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 10, 2016[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TROTT, DAVIS[***], and OWENS, Circuit Judges.

Plaintiffs Diane and James Badame appeal from the district court's orders (1) denying their motion to remand and (2) granting summary judgment against them. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in denying Plaintiffs' motion to remand. Defendant J.P. Morgan Chase's (Chase) removal of the action to federal court was not untimely. Under 28 U.S.C. § 1446(b), a defendant may remove an action within thirty days of receiving the initial pleading if the initial pleading "affirmatively reveals" a basis for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Otherwise, a defendant may remove within thirty days of receiving a paper "from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694. The existence of diversity jurisdiction became clear only after Chase received Plaintiffs' June 5, 2013 and June 27, 2013 discovery responses. Therefore, Chase's July 26, 2013, removal was timely.

---

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2.	The district court did not err in granting summary judgment for Chase on the negligence claim.  To prove negligence, a plaintiff must establish: (1) the existence of a duty of care; (2) breach of that duty; (3) causation; and (4) damages. *Paz v. California*, 994 P.2d 975, 980 (Cal. 2000).

Plaintiffs failed to show that they met the first element of a negligence claim, because Chase did not have "a common law duty of care to offer, consider, or approve a loan modification." *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013).  In California, as a "general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 816 (citation omitted).  Therefore, Chase did not owe Plaintiffs a duty of care when considering their loan modification application because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." *Id.* at 820.

Furthermore, summary judgment is also appropriate because Plaintiffs cannot show that there is a genuine issue as to the existence of damages. Specifically, Plaintiffs' theory that they are entitled to damages for the loss of opportunity to keep their home fails because they did not raise a triable dispute that

3

they would have been granted a loan modification absent Chase's alleged actions. Furthermore, Plaintiffs' contention that they are entitled to damages for the loss of time and energy they spent through the loan modification process also fails because the "[t]ime and effort spent assembling materials for an application to modify a loan is the sort of nominal damage subject to the maxim de minimis non curat lex–i.e., the law does not concern itself with trifles." *Lueras*, 163 Cal. Rptr. 3d at 829. Additionally, Plaintiffs' theory that they are entitled to the $31,856.54 that they paid on June 23, 2010, to postpone the foreclosure sale scheduled for June 25, 2010, fails. Plaintiffs fail to show that there is a causal connection between Chase's alleged actions, which occurred after June 23, 2010, and their claimed injury.

3.    The district court did not err in granting summary judgment for Chase on the fraud and negligent misrepresentation claims. "The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages." *West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285, 295 (Ct. App. 2013). "The elements of negligent misrepresentation are the same

4

except for the second element, which for negligent misrepresentation is the defendant made the representation without reasonable ground for believing it to be true." *Id.*

As with the negligence claim, Plaintiffs fail to show that there is a genuine issue as to the existence of damages.

Furthermore, Plaintiffs' argument that there "are triable factual issues about whether Chase made negligent misrepresentations–or lied–to [them]," is unpersuasive. First, Plaintiffs fail to show that there is a triable issue as to the falsity of Sherman Slade's statement on August 24, 2010, that he could accept a late payment to postpone the August 25, 2010, foreclosure sale. Plaintiffs never made a payment pursuant to the postponement agreement (either on August 24, 2010 or August 25, 2010), so there is no evidence supporting their claim that Slade could not–or refused to–accept a late payment.

Second, Plaintiffs fail to show that there is a triable issue as to whether they justifiably relied on the September 1, 2010, letter promising not to foreclose and inviting them to engage further in the modification process because Plaintiffs knew as of August 25, 2010, that the house had already been sold. Accordingly, as Chase points out, Plaintiffs were aware that "the representation [was] false or its

5

falsity [was] obvious." *See Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025, 1030-31 (9th Cir. 1992).

Third, Plaintiffs also fail to show there is a triable issue as to Chase's liability under a fraudulent concealment theory. To prevail under a fraudulent concealment claim, "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 890 (Ct. App. 2011) (citation omitted). Plaintiffs argue that Chase concealed the fact that their loan modification application had been declined until one day before the scheduled foreclosure sale of August 25, 2010. Summary judgment against Plaintiffs is appropriate for two reasons. First, assuming that Chase had a duty to disclose the results of the loan modification application, Plaintiffs have failed to carry their burden to show that Chase had to disclose them immediately. Second, Plaintiffs fail to show that they are entitled to damages for the reasons stated above.

6

4.     Lastly, the district court did not err in granting summary judgment for Chase on the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, claim.  According to Plaintiffs, Chase violated the UCL because it engaged in dual tracking and made misrepresentations.  Both theories of liability fail.

California Civil Code Section 2923.6(c), which became effective on January 1, 2013, prohibits a defendant from dual tracking–"when a servicer continues foreclosure proceedings while reviewing a homeowner's application for a loan modification."  *Lueras*, 163 Cal. Rptr. 3d at 835 n.14.  This section applies only to "owner-occupied residential real property," *see* Cal. Civ. Code § 2924.15(a), and it is undisputed that the Plaintiffs were not living at the Via Lazo property.

As to the alleged misrepresentations, Plaintiffs failed to meaningfully connect the alleged unfair practices to the loss of the $31,856.54 that they paid on June 23, 2010, which they request as restitution, and therefore, cannot show that there is a triable issue as to their UCL claim.

**AFFIRMED.**