CARLOS E. MENDOZA, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 7) and Defendant's Response in Opposition (Doc. 9). For the reasons stated herein, the Motion will be denied.
I. BACKGROUND
Plaintiff alleges that it purchased homeowner's insurance from Defendant and that the policy covered Plaintiff's property against hurricane damage. (Compl., Doc. 1-1, ¶ 5). Plaintiff claims that the property was damaged by Hurricane Irma, and thus, the damage was covered under the *1262 policy. (Id. ¶ 7). On December 14, 2018, Plaintiff filed a Complaint alleging breach of contract and declaratory judgment claims against Defendant in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. (See generally Doc. 1-1). On February 25, 2019, Defendant filed a Notice of Removal (Doc. 1) on the basis of diversity jurisdiction.
II. LEGAL STANDARD
"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction where both "the matter in controversy exceeds the sum or value of $ 75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a).
"The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." Pretka v. Kolter City Plaza II, Inc. , 608 F.3d 744, 756 (11th Cir. 2010). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).
"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co. , 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." Id.
III. ANALYSES
The parties do not dispute that there is complete diversity of citizenship and the amount-in-controversy exceeds $ 75,000.00. Rather, Plaintiff argues that Defendant's removal was untimely because the Notice of Removal was filed more than thirty days after Defendant was served with the Complaint. The Complaint itself only alleges that "[t]his is an action for declaratory relief and breach of contract with damages in excess of [f]ifteen [t]housand [d]ollars." (Doc. 1-1 ¶ 1). Thus, it is not clear from the face of the Complaint that the case is removable. Plaintiff argues, however, that she sent Defendant correspondence that included a "Sworn Proof of Loss" in the amount of $ 655,369.00, on October 17, 2018, and that Defendant confirmed receipt of said Sworn Proof of Loss the next day. Based on this, Plaintiff argues that Defendant knew at least as of October 2018 that the amount-in-controversy exceeded $ 75,000.00, and therefore, it had to remove the case within thirty days of being served with the Complaint.
Plaintiff's reliance on pre-suit correspondence is misplaced. Though the Eleventh Circuit has yet to weigh in, "[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge ... to decide triggering of the 30-day removal period has held no." Sullivan v. Nat'l Gen. Ins. Online, Inc. , 3:17-cv-1387-J-32PDB, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) (collecting cases from ten different courts of appeals). "Those courts have *1263 adopted a bright-line rule under which a court--to decide the triggering of the 30-day removal period--may look only at the pleading or any post-litigation 'other paper[ ]' from the plaintiff." Id. (internal citation removed). "By its plain terms [ § 1446(b) ] requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading." Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co. , No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4855700, at *3 (M.D. Fla. Dec. 10, 2009) (quoting Chapman v. Powermatic, Inc. , 969 F.2d 160, 164 (5th Cir. 1992) ); see also United Prop. & Cas. Ins. Co. v. A & E Factory, LLC , No. 6:14-cv-1987-Orl-41TBS, 2015 WL 328223, at *2 (M.D. Fla. Jan. 26, 2015) (collecting cases).
Thus, pre-suit correspondence, regardless of its reliability, cannot trigger the running of the thirty-day removal clock. Defendant received Plaintiff's Sworn Proof of Loss prior to being served with this lawsuit, therefore it has no relevance to the timeliness of the removal. Defendant received an email confirming the amount in dispute--with a demand of $ 784,481.28--on February 3, 2019, more than a month and after service of the Complaint. Defendant timely removed within thirty days of receipt of the email, on February 25, 2019.
IV. CONCLUSION
In accordance with the foregoing, it is ORDERED and ADJUDGED that Plaintiff's Motion to Remand (Doc. 7) is DENIED .
DONE and ORDERED in Orlando, Florida on May 15, 2019.